**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

-vs-                                                                                       Case No.  6:07-cr-134-ORL-19KRS

**RAYMOND LEE KELLY,**

        **Defendant.**

## ORDER

This case comes before the Court on the Motion of Defendant Raymond Lee Kelly for Return of Property and Cash (Doc. No. 59, filed Sept. 8, 2008).  Defendant contends that his property was seized as part of an investigation.  He lists three incidents:

- On December 20, 2006, $ 4,760 in jewelry was seized.
- On March 15, 2007, $3,470 in cash was seized.
- On April 5, 2007, $722.00 in cash was seized.

Defendant argues that during the sentencing proceedings the Court ordered that only a firearm and bullets should be forfeited.  Hence, he argues that the Government must return the other property in its custody.  (*Id.* at 1-2.)

Based on the transcript of the sentencing proceedings, it appears that some of the cash (approximately $3,400) may be in the possession of the Florida state police.  (Doc. No. 60 at 46.)  However, the Government has not responded to Defendant's Motion or explained where the other claimed property may be located.  Accordingly, the Government shall submit a response to Defendant's Motion within **ten (10) days** from the date of this Order.  The failure to oppose

Defendant's Motion may be viewed as an indication that the Government does not oppose Defendant's requested relief.  *E.g.*, *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1371 (M.D. Fla. 2007).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 12, 2008.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party