**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                                     **CASE NO: 6:07-cr-134-CEM-LHP**

**RAYMOND LEE KELLY**

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION** **MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. No. 107)**
>
> **FILED:** October 23, 2025
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**

**I.   BACKGROUND**

On August 8, 2007, a grand jury issued an indictment charging Defendant Raymond Lee Kelly with four felony offenses: (1) possessing with intent to distribute five (5) or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and (b)(1)(C); (2) possessing with intent to distribute a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1)

and (b)(1)(C); (3) possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (4) using/carrying/possessing a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c).  Doc. No. 1.  Defendant ultimately pleaded guilty pursuant to a plea agreement to the possession of cocaine and crack cocaine charges, as well as to the using/carrying/possessing a firearm in relation to a drug trafficking offense charge.  Doc. Nos. 32-37, 39.  On July 1, 2008, the Court sentenced Defendant to a term of 146 months imprisonment, followed by a five (5) year term of supervised release.  Doc. No. 44.  Judgment was entered accordingly that same day.  Doc. No. 46.

Defendant appealed, and on April 20, 2009, the Court of Appeals affirmed Defendant's conviction and sentence.  Doc. Nos. 47, 50, 71.  Defendant thereafter unsuccessfully moved to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255.  Doc. Nos. 72-73.

Defendant completed his term of imprisonment, however on February 24, 2017, while on supervised release, the United States Probation Office filed a petition alleging Defendant had violated his conditions of release by engaging in new criminal conduct, to include fleeing or eluding law enforcement, driving with a suspended or revoked license, possession of a firearm by a convicted felon, and possession of cannabis.  Doc. No. 79.  The Probation Office further alleged that Defendant had tested positive for marijuana on several occasions.  *Id.*  A

superseding petition was filed on March 30, 2017, alleging Defendant further violated his conditions of supervised release by engaging in 20 additional incidents of new criminal conduct.  Doc. No 81.  The operative petition was filed on February 14, 2020, which alleged that Defendant violated his conditions of supervised release by engaging in new criminal conduct (possession of a firearm and ammunition by a convicted felon), was convicted in state court for possession of cocaine with intent to sell or distribute and possession of a controlled substance, and tested positive for marijuana on two occasions.  Doc. No 84.

The undersigned conducted Defendant's initial appearance proceedings on April 3, 2020 and appointed counsel under the Criminal Justice Act.  Doc. Nos. 88-90.  The Court held a final revocation hearing on January 28, 2021, at which the Court adjudged Defendant guilty of the three criminal conduct/conviction violations, dismissed the two marijuana violations, revoked Defendant's supervised release, and sentenced him to a one-day term of imprisonment to run consecutively with Defendant's sentence in Case No. 6:17-cr-291-CEM-LHP, and upon service of the one-day sentence, discharged Defendant from any further supervision.  Doc. No. 97.[1]  Judgment was entered accordingly on February 1, 2021.  Doc. No. 99.

---

[1] Case No. 6:17-cr-291-CEM-LHP is a separate criminal case against Defendant for possession of a firearm and ammunition by a convicted felon.  *See United States v. Raymond Lee Kelly*, No. 6:17-cr-291-CEM-LHP.  Defendant was convicted of this offense following a

Defendant did not appeal his sentence or judgment. Instead, on September 8, 2025, Defendant filed a *pro se* motion for a reduction in sentence pursuant to the First Step Act of 2018, Amendment to 18 U.S.C. § 3582(c)(1)(A). Doc. No. 102. It appears from a review of the motion that Defendant was actually seeking to reduce his sentence in Case No. 6:17-cr-291-CEM-LHP, arguing that his medical conditions, "disparity-unusually long sentence," and rehabilitation warranted a reduction in that sentence. *Id.* The undersigned notes that Defendant filed two motions for compassionate release in Case No. 6:17-cr-291-CEM-LHP based on his medical conditions and lack of disciplinary violations, both of which the Court denied. *See* Case No. 6:17-cr-291-CEM-LHP (Doc. Nos. 125, 143, 153, 155). Defendant has filed a notice of appeal in that case, along with a motion to proceed *in forma pauperis*. *See id.*, Doc. Nos. 156, 159.

On September 23, 2025, the Court denied Defendant's motion for reduction in sentence filed in this case, and incorporated by reference the Court's June 20, 2025 Order in Case No. 6:17-cr-291-CEM-LHP. Doc. No. 103. Defendant has filed a

---

jury trial, and on January 28, 2021, the Court sentenced Defendant to a term of 235 months imprisonment, followed by a three (3) year term of supervised release. *See id.*, Doc. Nos. 59, 86. Judgment was entered accordingly on February 1, 2021 (Doc. No. 90), and the Court of Appeals affirmed Defendant's conviction and sentence on December 30, 2021, with the mandate issuing on January 28, 2022. *See id.*, Doc. Nos. 92, 94, 120, 123. Defendant filed an identical motion for compassionate release and identical motion for leave to appeal *in forma pauperis* in that case (Doc. Nos. 153, 159), which the undersigned – to whom the case was recently transferred – has addressed by a separate Report and Recommendation.

notice of appeal, along with an Application to Proceed In District Court Without Prepaying Fees or Costs, which the undersigned has construed as a motion to proceed *in forma pauperis* on appeal.  Doc. No. 107.[2]  The motion has been referred to the undersigned, and upon consideration, I will recommend that the motion be denied.

## II.  ANALYSIS

Federal Rule of Appellate Procedure 24(a)(3) states as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>
> (B) a statute provides otherwise.

*See also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

"Good faith is demonstrated where an appeal 'seeks appellate review of any issue not frivolous.'"  *Schmitt v. U.S. Office of Pers. Mgmt.*, No. 8:09-cv-943-T-27EAJ, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009) (quoting *Coppedge v. United States*,

---

[2] Defendant filed the motion to proceed in forma pauperis on appeal 15 days after his notice of appeal (*see* Doc. Nos. 104, 107), and the Court granted Defendant's request that the motion be deemed timely filed.  Doc. No. 108.

369 U.S. 438, 445 (1962)). A frivolous case is one "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (citation omitted). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Id.* (internal quotations and citations omitted); *see also Bell v. HCR Manor Care Facility of Winter Park*, No. 6:10-cv-523-Orl-22KRS, 2010 WL 4096849, at *2 (M. D. Fla. Aug. 24, 2010). In other words, "[a] lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Cooley v. Ocwen Loan Svc.*, LLC, 729 F. App'x 677, 680-81 (11th Cir. 2018) (quoting *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).[3]

Upon review of Defendant's motion for reduction in sentence, the Court's Orders in this case and in Case No. 17-cr-291-CEM-LHP, and the present motion for leave to appeal *in forma pauperis*, I find that Defendant's appeal is not taken in good faith. Therefore, he should not be afforded leave to proceed *in forma pauperis* on appeal. The Court previously addressed Defendant's arguments regarding his medical conditions and lack of disciplinary violations, and explained why they were unpersuasive. Case No. 6:17-cr-291-CEM-LHP, Doc. No. 143. Defendant's arguments in this regard in the present case are virtually identical, and rely on some

---

[3] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

of the same medical records provided in Case No. 6:17-cr-291-CEM-LHP. Doc. No. 102; *see also* Doc. No. 102-1. The Court also previously addressed the factors in 18 U.S.C. § 3553(a), found that they did not warrant a reduction in sentence, and noted that Defendant failed to meet his burden of showing that the factors in § 3553(a) would support a reduction. Case No. 6:17-cr-291-CEM-LHP (Doc. No. 143). In the present motion, Defendant again fails to address any of the § 3553(a) factors, instead relying on the Supreme Court's recent decision in *Erlinger v. United States*, 602 U.S. 821 (2024) and his lack of prison infractions. Doc. No. 102, at 7, 8. And as previously noted, Defendant makes no argument in his motion challenging his sentence in this case, but instead appears to be challenging his sentence in Case No. 6:17-cr-291-CEM-LHP. *See generally* Doc. No. 102.

Given that Defendant's arguments are either identical to those previously raised and addressed by the Court in Case No. 6:17-cr-291-CEM-LHP, that the present motion appears to be directed to that case rather than to Defendant's one-day sentence in this case, and in the absence of any legal authority to the contrary, the undersigned finds that any appeal by Defendant would not be taken in good faith and in turn, Defendant is not entitled to proceed in forma pauperis on appeal under Fed. R. App. P. 24(a)(3). *See, e.g., United States v. Griffin*, No. 24-13957, 2025 WL 2437452 (11th Cir. Aug. 25, 2025) (affirming denial of motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) where defendant claimed his diminished

mental capacity and *Erlinger v. United States* supported a reduction in his sentence, and where district court did not address *Erlinger*, but found that the 18 U.S.C. § 3553(a) factors did not support a reduction in sentence); *United States v. Jordan*, No. CR 218-056-1, 2022 WL 5200002, at *3 (S.D. Ga. Oct. 5, 2022) (denying motion for reconsideration of denial of motion for compassionate release and denying motion to appeal *in forma pauperis* as not taken in good faith where court examined defendant's medical records, concluded that defendant's medical conditions did not substantially diminish his ability to engage in self-care and did not qualify as an extraordinary and compelling reason for compassionate release, and where the other 18 U.S.C. § 3553(a) factors weighed in favor of defendant serving the sentence imposed). *See also United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (finding no abuse of discretion and affirming denial of motion for compassionate release based on medical reasons – namely high cholesterol, high blood pressure, and coronary artery disease that could be managed in prison).

### III.  RECOMMENDATION

Accordingly, for the reasons set forth above **I RESPECTFULLY RECOMMEND** that Defendant's Motion to Proceed In Forma Pauperis on Appeal (Doc. No. 107) be **DENIED** and that the Court certify to the Eleventh Circuit that Defendant's Notice of Appeal (Doc. 104) is not taken in good faith.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 28, 2025.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party